```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

Paul Van Hekle,                  :
        Petitioner,              :
                                 :
    v.                           :       File No. 2:07-CV-208
                                 :
Rea Hirst, Robert Wood,          :
Vermont Department of            :
Corrections,                     :
        Respondents.             :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Petitioner Paul Van Hekle, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Van Hekle contends that the Department of Corrections ("DOC") and probation staff have miscalculated his release date.  The respondents argue that the petition should be dismissed because Van Hekle has not exhausted his state court remedies.  For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, and that the petition be DENIED without prejudice.

### Factual Background

Van Hekle was arrested on February 24, 1999 and charged with unlawful restraint after conducting a citizen's arrest.  He received a sentence of 3.5 to 8.5 in prison, with all but 1.5 years suspended.  Factoring in time served and other applicable reductions, Van Hekle calculates his maximum

release date as June 8, 2007. He is currently on probation.

Van Hekle claims that his probation should have ended on his maximum release date, and that the respondents have calculated his sentence incorrectly. He blames the error, in part, on a letter from respondent Robert Wood dated September 15, 2004. In that letter, Wood calculated the sentence as 8.5 years from the date of sentencing. The sentence was issued on November 23, 1999. Therefore, according to Wood, Van Hekle has a maximum release date of May 23, 2008. (Paper 1-2 at 3).

When Van Hekle received the 2004 letter from Wood, he immediately wrote back and questioned the calculation. Id. at 4. Having received no reply, he wrote to Wood again on October 27 and November 23, 2004. Id. at 5-6. Van Hekle also wrote to DOC Deputy Commissioner Janice Ryan and other state officials. Id. at 7. More recently, he sent a letter to respondent Rea Hirst, a DOC supervisor, asking for a written explanation "stating a legal reason why you and Robert Wood continue to hold an opinion that is [in] contempt of the court order and [a] violation of the Vermont code dealing [with] and covering probation." Id. at 10 (letter dated August 2007). Despite his efforts, he asserts

in his petition that "the issue was never corrected." (Paper 1 at 1).

The respondents argue that Van Hekle has failed to exhaust his state court remedies, and that his petition is without merit since his probation period is to extend "until further order of the court." (Paper 5 at 3). Van Hekle has submitted a reply to the respondents' memorandum, but does not address the exhaustion issue.

## Discussion

Van Hekle argues that the miscalculation of his sentence violates his federal constitutional rights. In Preiser v. Rodriguez, 411 U.S. 475, 489-92 (1973), the Supreme Court determined that such a claim requires state court exhaustion. The purpose of exhaustion is to give the state court an opportunity to correct any errors in the state process. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971). "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991) (citations omitted).

Van Hekle's submissions to the Court provide considerable detail about his efforts to challenge the

3

respondents' calculation.  His filings, however, make no reference to state court proceedings.  The respondents contend in their answer that there have been no state court proceedings, and Van Hekle does not dispute this contention. It therefore appears that Van Hekle has not presented to the state courts "the factual and legal premises of the claim he asserts in federal court," and that his § 2254 claim is unexhausted.  Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982).

Exhaustion is not required where there is "an absence of available state court corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b). The Vermont Supreme Court recently made clear that there is a state court remedy for sentence calculation disputes.  In State v. Young, the court noted that if an inmate disputes the calculation of his sentence, "he or she may file a grievance with the [DOC] commissioner, and thereafter seek review in the superior court under V.R.C.P. 75."  2007 VT 30, ¶ 5 (citing Ladd v. Gorczyk, 2004 VT 87, ¶ 3).[1]

---

[1] Rule 75 allows for review of "[a]ny action or failure or refusal to act by an agency of the state or a political subdivision thereof . . . ."  Vt. R. Civ. P. 75.

4

Although Rule 75 has time limitations, it is not clear that any such limitations are applicable in this case. Vt. R. Civ. P. 75(c). Accordingly, there are "available" state court remedies, and Van Hekle's petition should be DENIED without prejudice for lack of exhaustion.

Conclusion

For the reasons set forth above, I recommend that Van Hekle's petition for a writ of habeas corpus (Paper 1) be DENIED without prejudice for lack of exhaustion.

Dated at Burlington, in the District of Vermont, this 11th day of April, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).